# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## CLARENCE CARNELL GASTON v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Obion County**
**No. C07-218  William B. Acree, Judge**

**No. W2007-01841-CCA-R3-HC  - Filed May 20, 2008**

The Petitioner, Clarence Carnell Gaston, appeals the lower court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner has failed to comply with the procedural prerequisites for seeking habeas corpus relief.  Accordingly, we affirm the trial court's dismissal.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J.C. MCLIN, JJ., joined.

Clarence Carnell Gaston, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; Lacy Elaine Wilber, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The Petitioner, Clarence Carnell Gaston, along with two co-defendants Miqwon Deon Leach, and Mario Deangalo Thomas, were convicted by an Obion County Circuit Court jury of conspiracy to commit second degree murder, second degree murder, and first degree felony murder. The jury sentenced each defendant to life without the possibility of parole for the first degree murder convictions. The trial court merged the second degree murder convictions into the convictions for felony murder and sentenced the defendants to eight years for the conspiracy convictions, to be served concurrently to their life sentences without possibility of parole. *See State v. Clarence*

1

*Carnell Gaston*, *Miqwon Deon Leach and Mario Deangalo Thomas*, No. W2001-02046-CCA-R3-CD (Tenn. Crim. App., at Jackson, Feb. 7, 2003), *perm. to appeal denied*, (Tenn. Sept. 2, 2003). On direct appeal, this Court affirmed the Petitioner's convictions and sentences, but remanded the matter to the trial court for entry of a corrected judgment form for Petitioner Gaston's conspiracy conviction to reflect that he was found guilty by a jury. *Id.* The Petitioner later sought post-conviction relief, which was unsuccessful. *See Clarence Carnell Gaston v. State*, No. W2004-01703-CCA-R3-PC (Tenn. Crim. App., at Jackson, Jun. 21, 2005).

On July 11, 2007, the Petitioner filed a writ of habeas corpus relief in the Obion County Circuit Court. As basis for relief, the Petitioner alleged that his sentence of life without parole constitutes an indeterminate sentence, and, is therefore illegal and void. The Petitioner further alleged that the sentence for murder in the second degree was fifteen to twenty-five years. The Petitioner finally alleged that his protections against double jeopardy protections were violated in that he was convicted of both felony murder and the underlying felony. The Petitioner asserted that he was requesting review in the Obion County Circuit Court because this was the court in which he received his sentences and that the Obion County Circuit Court had access to the records of his case.[1] The Petitioner is incarcerated at the West Tennessee State Prison in Henning, Tennessee. By order entered July 17, 2007, the habeas corpus court concluded that the Petitioner should have filed in another court and dismissed the petition. The habeas corpus court did not elaborate on its basis for this conclusion. The Petitioner timely appealed to this Court.

The determination of whether to grant habeas corpus relief is a question of law. As such, we will review the habeas corpus court's findings *de novo* without a presumption of correctness. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State,* 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State,* 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor,* 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton,* 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor,* 955 S.W.2d at 83).

---

[1] We note that the second page of the Petitioner's petition indicates that it was being filed in the Lauderdale County Circuit Court.

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T.C.A. § 29-21-109; *State ex rel. Byrd v. Bomar,* 381 S .W.2d 280 (Tenn.1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State,* 891 S.W.2d 619 (Tenn. Crim. App. 1994), *superceded by statute as stated in State v. Steven S. Newman,* No. 02C01-9707-CC-00266 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Hickman v. State,* 153 S.W.3d 16, 19-20 (Tenn.2004); *Archer,* 851 S.W.2d at 165. "A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements." *Hickman,* 153 S.W.3d at 21. The State argues that the Petitioner filed his petition in the wrong court. The Petitioner is incarcerated in Lauderdale County. He filed his writ in the Obion County Circuit Court. Under Tennessee Code Annotated section 29-21-105, "[t]he application should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge."

The Petitioner argues that a sufficient reason to file in Obion County Circuit Court is the convicting court is in possession of the records pertaining to the sentence. However, this Court has repeatedly held that this is not a sufficient reason for filing in a court other than one where the petitioner is located. *See, e.g. Larry L. Halliburton v. State,* No. W2001-00755-CCA-R3-CO (Tenn. Crim. App., at Jackson, Jan. 30, 2002), *perm. to appeal denied,* (Tenn. July 1, 2002); *Jimmy Wayne Wilson v. State,* No. 03C01-9806-CR-00206 (Tenn. Crim. App., at Knoxville, June 24, 1999), *perm. to appeal denied,* (Tenn. Nov. 22, 1999); *Charles Bryant v. State,* No. 03C01-9803-CR-00115 (Tenn. Crim. App., at Knoxville, May 4, 1999). The Petitioner has failed to comply with Tennessee Code Annotated section 29-21-105, and this alone is an adequate basis for the trial court to dismiss his petition. *See Clifford W. Rogers v. State,* No. W2002-02268-CCA-R3-CO (Tenn. Crim. App., at Jackson, March 25, 2003).

Additionally, even had the Petitioner filed his petition in the correct court, he has still failed to comply with the statutory requirements for seeking habeas corpus relief. One of the statutory requirements for a petitioner to properly petition for a writ of habeas corpus is to annex a copy of the judgment. T.C.A. § 29-21-107(b)(2) (2006). Without a copy of the judgments, the habeas court cannot review the judgments for voidness. Moreover, the Tennessee Supreme Court stressed the importance of the petitioner including all required documents when it held that "without question, the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." *Archer,* 851 S.W.2d at 165. In this case, the Petitioner did not include a copy of his challenged judgments from Obion County. The Petitioner has failed to meet the "scrupulous" standard. Because this Court does not have a copy of the Petitioner's judgments to properly

determine if the judgment was void on its face, we cannot grant habeas corpus relief.

Rule 20 of the Rules of the Court of Criminal Appeals provides:

The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

(1)(a) The judgment is rendered or the action taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge,....

We determine that this case meets the criteria of the above-quoted rule and, therefore, we grant the State's motion filed under Rule 20, and we affirm the judgment of the habeas corpus court.

_____

**ALAN E. GLENN, JUDGE**

4